## SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
BELENDE THELISMOND,                                    **Index No.**

          Plaintiff,                        **COMPLAINT**

    -against-                                     **JURY DEMAND**

THE CITY OF NEW YORK and
POLICE OFFICERS "JOHN DOES 1-10"
(whose names and shield #'s are unknown),

          Defendants.
------------------------------------------------x

    Plaintiff, by his attorney, Philip Akakwam, Esq., complaining of the defendants, The City

of New York, Police Officers "John Does 1-10", upon information and belief alleges as follows:

### INTRODUCTION

    1. This is an action at law to redress the deprivation, under color of statute, ordinance,

regulation, custom, or usage, of rights, privileges, and immunities secured to the plaintiff by the

Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title

42 U.S.C. § 1983 [and § 1985].

    2. The Plaintiff seeks monetary damages for: the false arrest, false imprisonment,

detention, and malicious prosecution of Plaintiff by defendants and for subjecting said plaintiff to

malicious abuse of criminal process, and otherwise, for the violation of the Plaintiff's federally

guaranteed constitutional and civil rights. And Plaintiff seeks whatever other relief is appropriate

and necessary in order to serve the interest of justice and assure that his remedy is full and

complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections

1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section

1983, and under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying on the aforementioned federal statutes as a basis of this

Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C.

§1367 to hear state law causes of action. The events, parties, transactions, and injuries that form

the basis of plaintiff's federal claims are identical to the events, parties, transactions and injuries

that form the basis of plaintiff's claim under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District

of New York, venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## PARTIES

6. Plaintiff, a black male of full age, is a resident of the City of New York, County of

Kings and State of New York.

7. At all relevant times, the City of New York was and still is a municipal entity existing

under the laws and Constitution of the State of New York and was the employer of the defendant

police officers through its Police Department - New York City Police Department- and the

actions of the police officers complained of herein were done as part of the custom, practice,

usage, regulation and/or direction of the City of New York.

8. At all times herein, Police Officers "John Does 1-10" (hereinafter "defendant

officers") were employed as law enforcement officers of the City of New York, State of New

York, and were acting under the color of their official capacity and their acts were performed

2

under color of the statutes and ordinances of the City of New York and/or the State of New York.
Defendant Officers were the servants, agents, and employees of their co-defendant, the City of
New York, so that their acts are imputed to the City of New York and its Police Department.
Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter
described, they were taken in and during the course of their duties and functions as New York
City Police Officers and incidental to the otherwise lawful performance of the same.

9.  Plaintiff sues all the defendants in their individual and official capacities.

## FULFILLMENT OF ADMINISTRATIVE PREREQUISITES

10.  All conditions precedent to filing of this action have been complied with; on May
14, 2012, within ninety days after all or some of the claims alleged in this complaint arose, a
written notice of claim, sworn to by plaintiff, was served upon the defendant City of New York
by personal delivery of the notice in duplicate, to the person designated by law as one to whom a
summons issued against such party may be delivered in an action in the applicable Court.
Plaintiff's claim was given Claim No. 2012PI012530.

11.  At least thirty days have elapsed since the service of the notice of claim, and
adjustment or payment of the claim has been neglected or refused.

12.  This action, pursuant to New York State and City Laws, has been commenced within
one year and ninety days after the happening of the event upon which all or some of the claims
is/are based.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. On or about August 26, 2009, plaintiff was falsely arrested without probable cause by
Police Officers John Does within plaintiff's residence located at 650 Ocean Avenue, #E11,

3

Brooklyn, NY 11226.

14. At the time of the above-referenced arrest, plaintiff had just returned to his apartment with his home attendant following a hospital appointment, when defendant officers came to his apartment, broke down the door and entered the apartment without plaintiff's consent.

15. When plaintiff, who was confined in a wheelchair, asked the officers why they broke into his apartment, the officers claimed to have just seen plaintiff's brother Dymitri Thelismond running into the apartment. Plaintiff disputed the officers' claim by telling them that his brother was asleep inside the apartment when he returned from the hospital.

16. The defendant officers violently pulled plaintiff out of his wheelchair, threw him on the ground and cuffed him.

17. Without showing any warrant to plaintiff, the defendant officers searched his entire apartment, prying open all electronics and appliances in claimant's home, turning over furniture and other property in the home causing extensive damage to plaintiff's property. The officers did not tell plaintiff why they were searching his home.

18. Although nothing unlawful was found in plaintiff's home, plaintiff, his brother and plaintiff's home attendant were arrested by defendant officers and later transported to the 70th police precinct where they were detained in a cell. The defendant officers did not tell plaintiff why he was arrested and imprisoned and there was no probable cause for defendant officers to have arrested and imprisoned plaintiff as described above.

19. At the police precinct, plaintiff was searched, fingerprinted and photographed and thereafter detained in a cell until the next day when he was taken to Central Booking located at 120 Schermerhorn Street, Brooklyn where he was further detained.

4

20. Plaintiff remained in detention for about two days before he was charged with obstructing governmental administration (PL 195.05) and unlawful possession of ammunition in violation of New York City Administrative Code (AC 10-131).

21. Upon arraignment, plaintiff was granted bail. Plaintiff returned to court on numerous occasions in defense of the criminal charges brought against him.

22. On or about May 1, 2012, all the criminal charges against plaintiff were dismissed and sealed.

23. The arrest of plaintiff was made without a warrant and without probable cause, and there was absolutely no justification for the preferral of charges against him.

24. Plaintiff suffered physical injuries, including injury to his wrists. Moreover, plaintiff suffered emotional distress, mental anguish and psychological trauma as a result of his arrest and as a direct consequence of the criminal charges preferred against him.

25. The actions of the defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and constitution of the United States; in particular, the rights to be secure in his person and property, to be free from false arrest, and from malicious prosecution, abuse of process, and the right to due process.

26. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for the violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

27. These polices and practices violate the rights of the Plaintiff under federal law including the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the

5

Civil Rights Act of 1871, 42 U.S.C. Section 1983.

28.  The actions and conduct of the Officers and the polices and practices of the City of New York were negligent and the proximate cause of damages to Plaintiff.

29.  The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

## FIRST CAUSE OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

30. Plaintiff hereby restates paragraphs 1-29 of this Complaint, as though fully set forth below.

31. The above-described respective arrest, detention and imprisonment of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

32. The conduct of the defendant officers herein violated plaintiff's rights 42 U.S.C. Section 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

33. As a result of the plaintiff's above-described false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been otherwise damaged in his character and reputation.

34. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

6

## SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

35. Plaintiff hereby restates paragraphs 1-34 of this Complaint, as though fully set forth below.

36. The commencement and continued prosecution of the criminal judicial proceeding against plaintiff, including the arrest, imprisonment, and the charges against plaintiff were committed by or at the insistence of the defendants without probable cause or legal justification and with malice.

37. The said defendants were directly involved in the initiation of criminal proceedings against plaintiff.

38. The said defendants lacked probable cause to initiate criminal proceedings against the plaintiff.

39. The said defendants acted with malice in initiating criminal proceedings against the plaintiff.

40. The said defendants were directly involved in the continuation of criminal proceedings against the plaintiff even though they lacked probable cause to continue said criminal proceedings.

41. The said defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

42. The criminal judicial proceedings against plaintiff was dismissed on May 1, 2012, and terminated in plaintiff's favor.

43. The arrest, imprisonment and prosecution of the plaintiff were malicious and unlawful because plaintiff had committed no crime and there was no probable cause to believe that

7

plaintiff had committed any crimes.

44. The defendants' conduct was intentional, unwarranted and in violation of the law. The individual defendants knew or ought to have known that the charges brought before the court against plaintiff were false and untrue.

45. As a consequence of the malicious prosecution of plaintiff by defendants, plaintiff suffered a significant loss of his liberty, distress, humiliation, mental anguish, depression, and his constitutional rights were violated.

46. Plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### THIRD CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ART. 1

47. Plaintiff hereby restates paragraphs 1-46 of this Complaint, as though fully set forth below.

48. By arresting, detaining, imprisoning and maliciously prosecuting Plaintiff without justification, probable cause or reasonable suspicion, the Defendant Officers, deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York State Constitution.

49. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

50. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without

8

authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

51. Defendant City of New York, as employer of each of the defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

52. As a direct and proximate result of the acts and omissions of the defendants described in this Complaint, plaintiff suffered a significant loss of his liberty and violation of his federal constitutional rights, and suffered and continues to suffer significant emotional pain, distress, humiliation and embarrassment.

## FOURTH CAUSE OF ACTION: MALICIOUS PROSECUTION UNDER STATE LAW

53. Plaintiff hereby restates paragraphs 1-52 of this Complaint, as though fully set forth below.

54. Plaintiff was subjected to malicious prosecution in that he was arrested and charged, without probable cause, and subjected to criminal prosecution as a consequence thereof in violation of his rights under the laws of the State of New York.

55. The Defendants, acting in concert with each other and with additional persons for whose acts they are liable, initiated, continued, and/or caused the initiation or continuation of, criminal proceedings against Plaintiff.

56. The criminal proceedings terminated in Plaintiff's favor.

57. There was no probable cause for the commencement or the continuation of the criminal proceedings. The aforesaid criminal proceeding was commenced by reason of defendants' intentional, wanton, reckless and/or grossly negligent conduct.

9

58. The Defendants acted with malice and intentional disregard of Plaintiff's rights under the Common Law.

59 As a direct and proximate result of the acts and omissions of the defendants described in this Complaint, plaintiff suffered a significant loss of his liberty and violation of his federal constitutional rights, and suffered and continues to suffer significant emotional pain, distress, humiliation and embarrassment. Also, plaintiff suffered significant loss of income, was prevented from attending to his necessary affairs, and has been caused to incur legal and medical expenses as a result of the defendants' conduct alleged herein.

60. Defendant City of New York, as employer of the individual defendants, is liable under the principle of *respondeat superior*.

## FIFTH CAUSE OF ACTION

### (Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)

61. Plaintiff hereby restates paragraphs 1-60 of this Complaint, as though fully set forth below.

62. The acts and omissions complained of herein were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

63. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

64. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following

10

unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are/were involved in illegal acts;

b. manufacturing evidence against individuals allegedly involved in illegal acts; and

c. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas).

65. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the State and Federal Courts.

66. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly, foreseeably, proximately, and substantially caused by conduct, chargeable to defendant City of New York, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

67. As part of its policies, customs, practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

68. The aforesaid policies, procedures, regulations, practices and/or customs of Defendant City and the NYPD were collectively and individually a substantial factor in bringing about the aforesaid violations by the Individual Police Defendants of Plaintiff's rights under the Constitution and laws of the United States.

69. By virtue of the foregoing, Defendant City of New York is liable for having substantially caused the foregoing violations of Plaintiff's constitutional rights and his

11

constitutional injuries.

## SIXTH CAUSE OF ACTION

### (Negligent Hiring, Training and Supervision Under State Law; Defendant City)

70. Plaintiff hereby restates paragraphs 1-69 of this Complaint, as though fully set forth below.

71. Prior to Plaintiff's arrest, policymaking officials at the NYPD, with deliberate indifference to the constitutional rights of individuals suspected or accused of criminal activity, to the risk of arresting, prosecuting and convicting innocent people, and to the right of all criminal suspects and defendants to due process and a fair trial, implemented plainly inadequate policies, procedures, regulations, practices, customs, training, supervision, and discipline concerning:

(a)     The determination of probable cause to make an arrest;

(b)     The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

(c)     The continuing duty of police investigators to make timely disclosure, during criminal investigations and prosecutions, of all material evidence or information favorable to a person suspected or accused of criminal conduct, including, but not limited to, evidence that a complainant or prosecution witness is unreliable or lacks credibility, and evidence that a prosecution witness has made inconsistent statements about material facts.

72. The policymaking officials at NYPD knew or ought to have known that such issues that regularly arise in the investigation and prosecution of criminal cases either present police

employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations and making the wrong choice.

73. The aforementioned policymaking officials knew that the wrong choice by police officers concerning determination of probable cause will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause them constitutional injury.

74. The aforementioned policymaking officials had the knowledge and the notice alleged in the preceding paragraphs based upon, among other circumstances, numerous civil lawsuits, some of which resulted in substantial civil settlements, credibly alleging that police officers had conducted searches or arrests without probable cause.

75. Said notice is also based upon the inherent obviousness of the need to train, supervise and discipline police officers in their aforementioned constitutional obligations to counteract the pressures on officers and the powerful incentives they have to close cases and to obtain arrests and convictions.

76. By virtue of the foregoing, defendant City of New York is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or employees employed by the NYPD with regard to their aforementioned duties.

77. As a direct and proximate result of the acts and omissions of the defendants described in this Complaint, plaintiff suffered a significant loss of his liberty and violation of his federal constitutional rights, and suffered and continues to suffer significant emotional pain, distress,

13

humiliation and embarrassment.

## SEVENTH CAUSE OF ACTION: FAILURE TO INTERVENE/INTERCEDE UNDER 42 U.S.C. § 1983

78. Plaintiff hereby restates paragraphs 1-77 of this Complaint, as though fully set forth below.

79. Each and every individual defendant had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, as more fully set forth above.

80. The individual defendants failed to intervene on plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

81. As a consequence of the defendants' conduct alleged herein, plaintiff suffered a significant loss of his liberty, distress, humiliation, mental anguish, depression, and his constitutional rights were violated.

82. Plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## EIGHT CAUSE OF ACTION: DENIAL OF RIGHT TO A FAIR HEARING FABRICATION OF EVIDENCE - UNDER 42 U.S.C. § 1983

83. Plaintiff hereby restates paragraphs 1-82 of this Complaint, as though fully set forth below.

84. The individual defendants created false evidence against the plaintiff.

85. The individual defendants forwarded false evidence and false information concerning the plaintiff to the prosecutors in the Kings County District Attorney's Office.

14

86. The individual defendants provided false testimony throughout the criminal proceedings.

87. By creating false evidence against the plaintiff, forwarding false evidence and information to the prosecutors, and by providing false and misleading testimony throughout the criminal proceedings, the defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

88. As a consequence of the defendants' conduct alleged herein, plaintiff suffered a significant loss of his liberty, distress, humiliation, mental anguish, depression, and his constitutional rights were violated.

89. Plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i.      For compensatory damages in an amount to be determined at trial - against all Defendants, jointly and severally;

ii.     For punitive damages against the individual Defendants in an amount to be determined at trial;

iii.    For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv.     For pre-judgment interest as allowed by law; and

v.      For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
      July 2, 2012

                                       Philip Akakwam, Esq. (PA-8294)
                                       Attorneys for the Plaintiff
                                       303 Livingston St., 2nd Floor
                                       Brooklyn, N.Y. 11217
                                       (718) 858-2488

TO:    THE CITY OF NEW YORK
         c/o New York City Law Department
         100 Church Street
         New York, NY 10007

16